UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NANCY IVETTE MORALES-
RODRIGUEZ,

    Plaintiff,

v.                                                       Case No: 8:16-cv-1554-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **ORDER**

Plaintiff, Nancy Ivette Morales-Rodriguez, seeks judicial review of the denial of her claim for supplemental security income. As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

## **BACKGROUND**

### A.    **Procedural Background**

Plaintiff filed an application for supplemental security income on January 28, 2013. (Tr. 75, 199–207.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 75–112.) Plaintiff then requested an administrative hearing. (Tr. 131–33.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 42–74.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 22–40.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–4.) Plaintiff then timely filed a complaint with this Court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

**B. Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1963, claimed disability beginning on January 18, 2012. (Tr. 44, 75.) Plaintiff has a high school education. (Tr. 34, 44.) Plaintiff's past relevant work experience included work as a general cashier and a nursery school attendant. (Tr. 34.) Plaintiff alleged disability due to fibromyalgia, migraine headache condition, degenerative disc disease of the cervical spine with left-sided radiculopathy, myofascial pain syndrome, obesity, depression, abdominal pain, insomnia, and a lump in her breast. (Tr. 75.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since January 28, 2013, the application date. (Tr. 27.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine with left-sided radiculopathy, myofascial pain syndrome, obesity, migraine headache condition, depression, and anxiety. (Tr. 27.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 28.) The ALJ then concluded that Plaintiff retained the following residual functional capacity ("RFC"):

> to perform light work as defined in 20 CFR 416.967(b) except that the claimant should not stand or walk for more than 30 minutes at a time, and after standing or walking for 30 minutes, the claimant should be given the opportunity to sit and rest for two minutes, or she should be given the option to work seated. If the claimant is given the option to work seated, she should also be given the opportunity for a stretch break at her workstation after being seated for more than 30 minutes. Additionally, the claimant should refrain from climbing ladders, ropes or scaffolds; however, she may occasionally perform other postural activities. Finally, the claimant should have no concentrated exposure to hazards or loud noises, and her work should be unskilled and routine.

(Tr. 30.) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that

reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not fully credible. (Tr. 30.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined that Plaintiff could not perform her past relevant work. (Tr. 34.) Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as an office helper, a storage facility rental clerk, and a bench assembler. (Tr. 35.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 35–36.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the

claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the

correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**ANALYSIS**

Plaintiff raises one challenge to the ALJ's decision on appeal: the ALJ's RFC fails to specify the amount of permissible time for Plaintiff's "stretch break" after being seated for thirty minutes. This omission was error warranting remand, Plaintiff argues, because the VE testified that a hypothetical claimant who would need to stand and walk around for at least five minutes after being seated for thirty minutes could not perform any work in the national economy. (Dkt. 20 at 7–8.) For the reasons that follow, this contention does not warrant reversal.

The ALJ concluded that Plaintiff retains the RFC to perform light work with additional limitations with walking, standing, and sitting. (Tr. 30.) Relevant to this appeal, the ALJ found that Plaintiff should not stand or walk for more than thirty minutes at a time and, after standing or walking for thirty minutes, Plaintiff should be given the opportunity to sit and rest for two minutes. (Tr. 30.) Alternatively, the ALJ found Plaintiff should be given the option to work seated. (Tr. 30.) If Plaintiff works seated, after being seated for thirty minutes, Plaintiff should be given the opportunity to have a break for stretching at her workstation. (Tr. 30.)

At the hearing, Plaintiff testified that after being seated for ten to fifteen minutes, she would need to walk around for about five to ten minutes before being able to sit again for another ten to fifteen minutes. (Tr. 60–61.) In response to the ALJ's hypothetical, the VE testified that a hypothetical claimant with Plaintiff's RFC could perform work as an office helper, storage facility rental clerk, and bench assembler. (Tr. 66–68.) The ALJ relied on this testimony to find Plaintiff not disabled. (Tr. 35.) Thereafter, in response to a question from Plaintiff's counsel, the VE testified that a claimant who could sit for about fifteen to thirty minutes before needing to stand

and walk around for at least five minutes could not perform any work in the national economy. (Tr. 70–71.) Specifically, Plaintiff's counsel asked the VE if a hypothetical claimant who needed to walk around for at least five minutes, needing to "leave the workstation," after being seated, could perform work as an office helper, storage facility rental clerk, or bench assembler. (Tr. 70–71.) The VE testified as follows: "Couldn't do bench assembler. No, it's too frequent. The individual could not do those jobs mentioned." (Tr. 70.) Further, the VE testified such a claimant could not perform any other work. (Tr. 71.)

Plaintiff argues that if the RFC's "stretch break" after being seated for thirty minutes is equivalent to the need to stand and walk around for at least five minutes, then the VE's testimony that such a hypothetical claimant is incapable of working should apply. (Dkt. 20 at 7.) Specifically, Plaintiff argues that "[w]hether the Plaintiff leaves her workstation or not, whether she spends this time stretching in place or walking around, she is off-task and not performing her job functions." (Dkt. 20 at 7.) Thus, because the ALJ failed to specify a permissible amount of time for this "stretch break" after sitting in his RFC, "it is impossible to determine if the Plaintiff could perform the work posited in the decision, or any other work," Plaintiff argues. (Dkt. 20 at 7–8.)

In response, Defendant argues that the question to the VE centered on the hypothetical claimant needing to leave the workstation to walk around after being seated, while the RFC involves Plaintiff having a stretch break at her workstation. (Dkt. 23 at 7–8; See Tr. 70–71.) Thus, the RFC is distinct from the question to the VE. Further, because the question to the VE regarding Plaintiff's need to walk around after being seated was based Plaintiff's testimony, which the ALJ did not credit, this limitation did not need to be included in a hypothetical to the VE. (Dkt. 23 at 7.)

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *See* 20 C.F.R. § 404.1520(a)(4)(iv). The RFC is defined as the most a claimant "can still do despite [his] limitations." *Id.* § 404.1545(a)(1). To determine a claimant's RFC, an ALJ makes an assessment based on all of the relevant evidence of record as to what a claimant can do in a work setting despite any physical, mental, or environmental limitations caused by the claimant's impairments and related symptoms. *Id.* § 404.1545(a)(1), (3). The ALJ will consider the limiting effects of all the claimant's impairments, even those that are not severe, in determining the RFC. *Id.* § 404.1545(e). The final responsibility for deciding the RFC is reserved to the Commissioner. *Id.* § 404.1527(d)(2).

The VE testified, in response to a question by Plaintiff's counsel, that a hypothetical claimant who needs to leave his workstation and walk around for at least five minutes after being seated for thirty minutes would not be able to perform work in the national economy. (Tr. 70–71.) The ALJ's RFC, however, limits Plaintiff to needing the opportunity to have a stretch break *at her workstation* after being seated for more than thirty minutes. (Tr. 30.) Thus, contrary to Plaintiff's argument, the "stretch breaks" in the RFC could not include the type of break about which Plaintiff's counsel questioned the VE because that question included leaving the workstation. (Tr. 70–71.) Plaintiff argues that whether Plaintiff spends her stretch break stretching in place or walking around, she is off task, and the VE's testimony that she would be incapable of performing work is applicable. (Dkt. 20 at 7.) This argument is inapposite, however, because the ALJ's RFC specifically limits Plaintiff's stretch breaks to be done at her workstation, which distinguishes it from Plaintiff's counsel's question to the VE about a claimant who would need to walk around and away from his workstation during this break. For this reason, Plaintiff's contention does not warrant reversal.

Also, the limitation of needing to leave the workstation and walk around after being seated that was posed to the VE (Tr. 70–71), was based on Plaintiff's hearing testimony. (Tr. 60–61.) The ALJ assessed Plaintiff's statements and testimony about the limiting effects of her impairments and concluded that they were not fully credible.[1] Specifically, the ALJ found that although Plaintiff has conditions that cause her symptoms, her ability to manage her personal grooming and the lack of "significant medical findings" in her treatment records did not support the severity of her allegations. (Tr. 32–33.) "[T]he ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported." *Crawford v. Comm'r Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004). Here, the ALJ's hypothetical to the VE comprised "all of the claimant's impairments." *Wilson*, 284 F.3d at 1227. Specifically, because the ALJ's hypothetical question included all of Plaintiff's impairments addressed in the RFC finding, the VE's testimony constitutes substantial evidence. *See Freeman v. Comm'r, Soc. Sec. Admin.*, 593 F. App'x 911, 916 (11th Cir. 2014) (affirming the ALJ's decision because the hypotheticals posed by the ALJ were consistent with the RFC determination and adequately considered all of claimant's credible limitations).

Moreover, the ALJ's RFC determination concerning Plaintiff's sitting and standing limitations is supported by substantial evidence. First, the ALJ examined the treatment notes of Dr. Ivan Ramos, which do not reveal findings to corroborate the level of restriction Plaintiff alleges. (Tr. 31, 506–16.) Specifically, as the ALJ noted, Dr. Ramos found that Plaintiff's MRI revealed mild disc herniation with no compression and, overall, that Plaintiff's "spine [is] normal [and] no abnormal findings." (Tr. 31, 509.) A July 2013 MRI revealed similar findings that Plaintiff had some disc herniation "without significant encroachment." (Tr. 31, 685.) Considering

---

[1] Plaintiff does not challenge the ALJ's credibility assessment on appeal.

the medical evidence, the ALJ concluded that while Plaintiff's "impairments are severe, the evidence presented fails to show that they would prevent her from working at the light level. In fact, the evidence provides that the limitations created by her impairments were so not severe that she would be unable to work with the above physical and mental allowances." (Tr. 32.) Upon review of the evidence, the ALJ's RFC assessment is supported by substantial evidence. Therefore, Plaintiff's contention does not warrant reversal.

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is directed to enter final judgment in favor of the Commissioner and close the case.

**DONE** and **ORDERED** in Tampa, Florida, on August 10, 2017.

*[signature]*
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record